Manning v. Barks.

JOSEPH MANNING, Administrator of the Estate of MARY C. MANNING, Deceased, Respondent, v. GEORGE H. BARKS *et al.*, Executors of JONATHAN BARKS, Deceased, Appellants.

St. Louis Court of Appeals, May 21, 1895.

Guardian and Ward: FINAL RECEIPT OF WARD: RELEVANCY OF BOOK ENTRIES. A receipt given by a ward to his guardian, acknowledging the payment and full satisfaction of the balance due the ward on final settlement, is *prima facie* evidence of such satisfaction; and undated entries, made by the ward in a memorandum book, of the payment of various sums by the guardian to him have no tendency to overcome the *prima facie* case thus established.

*Appeal from the Cape Girardeau Circuit Court.*—HON. HENRY C. RILEY, Judge.

REVERSED AND REMANDED.

*Wilson* and *Hines* for appellants.

No brief filed for respondent.

BOND, J.—Plaintiff is the administrator of his deceased wife. She was the daughter of the testator of the defendants, and executed to him as her guardian the following receipt:

"Received this ninth day of November, 1885, of Jonathan H. Barks, my guardian, five thousand, fifty-five and ninety-three hundreths dollars in cash, and in notes which I accept as cash, being in full of the balance of all money and property due me from said guardian, as shown by the statement for final settlement of his guardianship made at the August term, 1885, of the probate court of Cape Girardeau county, Missouri.                    MARY C. BARKS."

In September, 1886, Mary C. Barks married plaintiff. In October, 1891, she died, and her husband administered upon her estate. A memorandum book kept in her hand writing shows undated entries of cash, which added to $25 paid to her husband, aggregate $4,651.25. The petition in this case alleges that the foregoing entries are due as credits to the estate of the testator of the defendants as collections on the whole amount of the guardianship estate which had been left by plaintiff's wife in the hands of her father and former guardian as her agent, amounting to $5,055.93. It prays for a judgment for the difference between these two sums. The answer was a general denial. The court, sitting as a jury, found in favor of plaintiff for $304.25, and gave judgment accordingly.

Under the law and evidence this finding can not be sustained. The receipt, *supra*, given by plaintiff's wife to her former guardian upon his final settlement as such, is *prima facie* evidence of the delivery to her of all the assets of the guardianship estate. The receipt also absolved the guardian and his sureties from any further liability to the ward. The petition recognizes this, and seeks to charge the estate of the former guardian on the theory of an individual liability on his part as agent for his former ward in managing the *whole* amount shown to have been due her on the final settlement of the guardianship. There is not a particle of evidence in this record that this sum, $5,055.93, was either left with or returned to her guardian by the ward after she gave the receipt therefor on his final settlement. Plaintiff's whole case hinged upon proof of this fact, and there is no evidence in this record tending to sustain it. It can not be legitimately inferred from the mere fact of the existence of a memorandum book, showing certain cash received by the

plaintiff's intestate, that the party to whom the sums placed thereon were accredited owed a larger amount than was thus acquitted.

Credits do not *per se* establish a liability on the part of the person to whom they are given for a *definite* sum in excess of what is credited. The present record contains no evidence and affords no just inference rebutting the legal presumption, arising from the receipt, *supra,* that the sum therein specified ($5,055.93) had been handed over to the ward by a delivery of "cash and notes" when it was executed. This omission in the proof can not be supplied by a memorandum book showing credits for a less sum. To give it that effect, it would be necessary to infer from the fact of such credits, *first,* the existence of a larger demand; *secondly,* treating this inference as a basis, to infer therefrom that such demand was for a sum certain. Such reasoning is wholly fallacious.

For error in admitting these entries in evidence, the judgment must be reversed. The other evidence legally admitted in the case consists of admissions made by the deceased to his brother, and might have warranted the court by reasonable inference to find for the plaintiff in a sum not exceeding $150. The judgment will be reversed and the cause remanded. All concur.